## LINKER v ROSSE and ZAGER

### Case No. 89-23835 (10)

Seventeenth Judicial Circuit, Broward County

June 7, 1991

Before Abel, R., Circuit Judge.

### OPINION OF THE COURT

The simple issue presented to this Court is whether a landlord of a residential tenancy who has knowledge of certain defects in the premises is entitled to be served with a written notice under *Florida Statute* 83.56(1) prior to a tenant's termination of a lease under a claim of constructive eviction. The answer must be in the affirmative.

Florida's Residential Landlord and Tenant Act *(Florida Statute* 83.40, et. seq.) is clearly intended to establish an obligation on each

party to a residential tenancy to place the other party on written notice of what that party intends to do and the consequences of that party's action. For example, *Florida Statute* 83.49(3)(a) requires a landlord to advise a tenant in writing as to the landlord's intention to impose a claim on the tenant's security deposit and as to the obligation of the tenant to object in writing thereto or lose the right to object. Similarly *Florida Statute* 83.56(2)(b) requires a landlord as a condition precedent to bringing an eviction against a tenant for matters other than non-payment of rent to specify in writing to the tenant the tenant's delinquencies and demand their cure within seven (7) days.

In this instance, *Florida Statute* 83.56(1) provides:

"(1) If the landlord materially fails to comply with § 83.51(1) or material provisions of the rental agreement within 7 days after delivery of written notice by the tenant specifying the noncompliance and indicating the intention of the tenant to terminate the rental agreement by reasons thereof, the tenant may terminate the rental agreement." Here the Appellant (landlord) had undertaken repairs of known defects; had cured some, but had not satisfactorily cured others. The record is clear, however, that the appellees (tenants) did not comply with Florida Statute 83.56(1). Rather the appellees vacated the premises in mid-month without paying rent for the current month. The lower court citing, *Zais v CF West Florida, Inc.,* 505 So.2d 577 (Fla. 4th DCA 1987) held that notice under 83.56(1) was not necessary and granted Appellees' damages in the form of rent previously paid for periods already occupied, advance rent and return of a security deposit. The appellant who had counterclaimed received a set-off for unpaid water and other charges. This Court reverses the Final Judgment in favor of appellees.

This Court is satisfied that the lower Court misconstrued the effect of *Zais.* Although West Publishing Co. supplied a "key number" under the heading of "landlord and tenant" it is clear that *Zais* does not arise out of a landlord and tenant dispute. Rather *Zais* deals with a dispute over the purchase of a residential condominium apartment between a buyer and a seller. Under that circumstance notice under 83.56(1) is indeed unnecessary. However, *Zais* does not and cannot be cited for the proposition that actual knowledge of defects obviates the need for the *Florida Statute* 83.56(1) demand. There having been no legally sufficient demand to cure made upon appellant, appellees' termination of lease was improper and appellees' claim for constructive eviction must be denied. *Lakeway Management v Strolowilsky,* 527 So.2d 95 (Fla. 3d DCA 1988).

The Final Judgment of the Court below is reversed with instructions

**23**

to enter Judgment for the appellant on his counterclaim. Appellant's Motion for attorney's fees is granted.

DONE AND ORDERED in chambers, at Fort Lauderdale, Broward County, Florida, this 7th day of June, 1991.